UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:25-CV-1109 |
| v. | : | (Chief Judge Brann) |
| APPROXIMATELY $110,000 IN U.S. CURRENCY, | : | |
| Defendant. | : | (Electronically filed) |

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by and through its attorneys, John C. Gurganus, Acting United States Attorney for the Middle District of Pennsylvania, and Ryann D. Loftus, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a Complaint for Forfeiture *In Rem* brought pursuant to 21 U.S.C. § 881 against the defendant property for violations of 21 U.S.C. §§ 841(a)(1) and 846.

## **THE DEFENDANT *IN REM***

2.  The defendant property consists of approximately $110,000 in U.S. Currency that was seized by the Pennsylvania State Police from Joseph Louis Ortiz on or about November 20, 2024, at the following location: mile marker 178.1, Interstate 80 west bound in Clinton County, Pennsylvania.

3.  It is presently in the custody of the United States Marshal Service Asset Forfeiture Fund.

## **JURISDICTION AND VENUE**

4.  This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881.

5.  This Court has *in rem* jurisdiction over the defendant property:

a) pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district;

b) pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action occurred in this district; the defendant is found in this district;

c) pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 18 U.S.C. § 981(h) and/or 21 U.S.C. § 881(j), because the owner of the property is located in this district.

6.  Venue is proper in this district:

a) pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district;

b) pursuant to 28 U.S.C. § 1395, because the action occurred in this district; the defendant is found in this district; the property is located in this district.

7. Upon filing of this Complaint, the plaintiff requests that the court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8. As provided by Supplemental Rule G(4), the United States will serve notice of this action on "any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)."

## BASIS FOR FORFEITURE

9. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

10. All of the facts alleged in this Complaint are based upon information

and belief, the sources of which are Mark Conrad, Task Force Officer for the Federal Bureau of Investigation, resulting from a traffic stop and investigation into drug-related activities of Joseph Louis Ortiz.

11. On November 20, 2024, at approximately 12:38 p.m., Officer Jeremy Hoy of the Pennsylvania State Police ("PSP") initiated a traffic stop of a white Honda CRV with tinted windows bearing New York Registration, KLE2233 on Interstate 80 West near mile marker 178 after observing the vehicle commit multiple moving violations.

12. Officer Hoy approached the passenger side of the vehicle and observed two large suitcases in the rear cargo area. Officer Hoy requested the driver's license, registration and insurance from the driver, who was identified as Joseph Louis Ortiz ("Ortiz"). Officer Hoy informed Ortiz of the traffic violations; Ortiz responded that he was lost and that Waze had him all over the place. At that time, Officer Hoy smelled marijuana odor emanating from the vehicle. Officer Hoy asked Ortiz to exit the vehicle and approach the passenger side of Officer Hoy's patrol vehicle while he checked Ortiz's information. Officer Hoy offered to let Ortiz sit in the patrol vehicle, and Ortiz did. Ortiz indicated that he did not have the insurance card but would call his mother. Due to officer safety concerns, Officer Hoy told Ortiz that he did not have to make the phone call.

13. While in Officer Hoy's vehicle, Ortiz unprompted stated that he and his

wife, the passenger in his vehicle, were traveling to Glendale, Arizona to spend Thanksgiving with family and then to California, where he also has family. Ortiz stated that he was trying to go to a dispensary and that Waze had him going on and off exits, only to realize that he needs a medical marijuana card to purchase from a dispensary in Pennsylvania. Officer Hoy asked to confirm his full name and current address. Ortiz related that the address on his identification belonged to his mother. Office asked how long Ortiz has been married. Ortiz indicated, after a long pause, that he and his wife had been married for about a year. Officer Hoy asked Ortiz what he did for work and how long he was off. Ortiz responded that he was in a union building sets for tv shows and movies and that he was off for about a month. He also indicated that they just left and that he might fly back because the drive was too long and send the car back on a lift. Officer Hoy asked if they were staying anywhere or driving straight through. Ortiz responded that they might stop somewhere but the plan was to drive straight through. Officer Hoy asked where in Arizona they were going and Ortiz responded Glendale. Ortiz, again unprompted, said that he believes they are going to move there soon, and that he was going to look at houses. Officer Hoy asked who Ortiz was spending Thanksgiving with and Ortiz indicated that it was his father's side of the family, and they recently started talking again. Ortiz explained the relationship to his family as second aunt, uncle, but that he was close to his second cousin like a first cousin. Officer Hoy then informed Ortiz that he was

returning to Ortiz's vehicle to speak with his wife and requested that Ortiz stand outside Officer Hoy's vehicle.

14. Officer Hoy approached the vehicle and requested the identification of the passenger who was identified by her New York license as Nicole Annette Martucci (Martucci). When Officer Hoy inquired as to her travel plans, Martucci indicated they were traveling to Phoenix, Arizona, to spend the holiday with Ortiz' family. While at the vehicle, Officer Hoy could still smell marijuana coming from the vehicle.

15. When Officer Hoy returned to his vehicle, Ortiz was standing outside near the passenger window. Officer Hoy asked Ortiz how long he was staying out there and, after clarifying he meant out west in Arizona and California, Ortiz responded "like a week or two."

16. Officer Hoy explained the violations again to Ortiz who responded that the violations might have been caused by his windshield tint and asked how he could pay for the violations; Officer Hoy said that would issue him a warning for those violations, however, informed Ortiz that he smelled Marijuana in his vehicle. Ortiz responded that his wife just smoked. Officer Hoy asked if there was anything illegal in the vehicle still; Ortiz responded that they have marijuana and then clarified that they had approximately an eighth of the half ounce purchased left.

17. Officer Hoy asked for consent to search the vehicle and Ortiz agreed.

Officer Hoy then called PSP Lamar to request backup. Officer Hoy asked Ortiz where the marijuana was located. Ortiz responded to ask Martucci because she has it and that he does not smoke. Ortiz asked Officer Hoy if he was going to take it from her because she needs it to be "sane."

18. Officer Hoy again approached the SUV and informed Martucci that he could smell marijuana and that he had consent from Ortiz to search the car. Officer Hoy asked Martucci what belonged to her in the vehicle, and she said her purse, bag, and the pink suitcase. Officer Hoy asked if she had marijuana and Martucci responded affirmatively, produced a bag of marijuana from the passenger side floor, and handed it to him. Officer Hoy asked Martucci if she had any problems with him searching the vehicle and she shook her head "no." Officer Hoy then asked Martucci to exit the vehicle and suggested she stand off the roadway for her safety.

19. Upon arrival of backup, Officer Hoy opened the suitcases, which were full of clothes, but not enough for the reported length of the trip.

20. Officer Hoy then opened the second-row passenger door and observed an Amazon box with approximately 30 fentanyl drug tests.

21. Office Hoy found a black backpack on the floor that contained two bundles of rubber banded U.S. Currency. One bundle appeared to be one dollar bills and the other bundle had multiple denominations with "10k" written on it in black marker. The backpack also contained a black zipper container with a marijuana wax

smoking kit and the insides of cigar.

22. Upon opening the front driver's door, Officer Hoy noticed a loose panel under the steering wheel, removed it, and observed a large vacuum sealed package of rubber banded U.S. Currency.

23. Officer Hoy brought the currency to his patrol vehicle, placed it on the windshield, and asked Ortiz if it was his. Ortiz responded yes, and, when asked how much money was there, Ortiz stated "A Hundred." When Officer Hoy asked if Ortiz packaged the currency, he replied yes. Officer Hoy explained that he needed to continue the investigation and move this to the station.

24. Officer Hoy detained Ortiz and requested that Martucci follow them back to PSP Lamar. While enroute to PSP Lamar, Ortiz inquired to what happens next and Officer Hoy informed him them that they will talk and a canine will scan the money for the presence of narcotics.

25. Upon arriving at PSP Lamar, Officer Hoy explained to Ortiz that he was not under arrest but was being detained and read his Miranda Rights. Ortiz acknowledged and signed the rights, warning and waiver.

26. Officer Hoy inquired as to ownership of the money and Ortiz indicated that it was his money, that his wife did not know about it. Ortiz told Officer Hoy that he obtained the money by working union, breeding dogs, and as part owner of a body shop. When Officer Hoy asked Ortiz if he obtained the money under the table, Ortiz

indicated that he did as it relates to the dog breeding. Officer Hoy asked if Ortiz had tax papers for the currency and he responded yes. When asked how much he earned per year, Ortiz replied "about 120."

27. When asked about where he kept the cash, Ortiz says he had some in his house, and some in the bank. When asked again about his trip to Arizona, Ortiz said he was taking to money in case he purchased a house, as he planned on moving to Arizona in a year or two. Ortiz said that he knew a realtor but could not give Officer Hoy the realtors name. Ortiz also mentioned that his wife only knew about the $10,000.

28. Officer Hoy interviewed Martucci back at PSP Lamar. Martucci stated that Ortiz is her husband, and they married on May 17, 2023. Because Martucci possessed the marijuana, Officer Hoy read her Miranda rights, and she acknowledged and signed the rights, warning and waiver. Martucci asked if she was under arrest and Officer Hoy explained that she was detained. When asked about the money, Martucci said she did not know how much money was there, she did not see Ortiz put it in the car, nor did she know who it belonged to.

29. Officer Hoy asked Martucci if she lived with Ortiz and she replied that she did but did not change the address on her license. Upon further inquiry, Martucci did not give a clear address of where she and Ortiz live. Martucci again stated that they were traveling to Phoenix, Arizona and staying with Ortiz's cousin. Martucci

did not know the name of Ortiz's cousin. Martucci indicated that she earns approximately $35,000-$40,000 per year. She further stated that she had known Ortiz for approximately six years and that they met through Instagram. When Officer Hoy asked Martucci what the money was for, she replied that she and Ortiz were looking into real estate to invest in or purchase section eight rental properties in Arizona.

30. At approximately 3:26 p.m. on November 20, 2024, Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI"), Cpl. Mark Conrad conducted a narcotic canine scan in the garage at PSP Lamar, deploying Drug Detection Canine Don ("Don"). Cpl. Conrad and Don have been certified as a team since 2023 and Don is trained to detect odors of marijuana, cocaine, heroin, and methamphetamine. Prior to the scan, the defendant property was stored in multiple random locations throughout the garage. During two separate passes, the Canine displayed alert and indication behavior for narcotics on the seized currency but did not alter or indication to the control currency.

31. On or about November 26, 2025, an ion scan was conducted by Staff Sergeant Khalin Ambrose from the Pennsylvania National Guard Drug Task Force at PSP Carlisle and the defendant property did alarm for a high presence of narcotics, specifically cocaine.

## **CLAIM FOR RELIEF**

WHEREFORE the United States prays that a warrant of arrest be issued for the defendant property, that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

>Respectfully submitted,
>
>JOHN GURGANUS
>ACTING UNITED STATES ATTORNEY
>
>By:   /s/ Ryann D. Loftus
>      RYANN D. LOFTUS
>      Assistant U.S. Attorney
>      235 N. Washington Avenue, Ste. 311
>      Scranton, PA 18503
>      Phone: 570-348-2800
>      Fax: 570-348-2037
>      ryann.d.loftus@usdoj.gov

## **VERIFICATION**

I, Task Force Officer, Mark Conrad, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the United States Federal Bureau of Investigations, that I have read the foregoing verified Complaint *in Rem* and know the contents thereof, and that the matters contained in the verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the United States Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 06/18/25

Mark Conrad
Task Force Officer
Federal Bureau of Investigations